UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY HUGHES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-CV-2289 |
| OFFICER PETERSON, *et al.*, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

The plaintiff, proceeding pro se and incarcerated in the Danville Correctional Center, seeks leave to proceed in forma pauperis in this civil case. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court. The Court concludes that the plaintiff states the federal claims detailed below. The case will accordingly be sent for service.

Several Defendants will be dismissed because Plaintiff fails to state a claim against them. A supervisor cannot be held liable for a subordinate's constitutional violations solely because the supervisor is in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Accordingly, no claim is stated against Warden Anglin, Assistant Warden Luth, or the

IDOC Director Godinez.  The plaintiff seeks to pursue an equal protection claim, presumably against Defendant Godinez, based on IDOC regulations which allow boots to be issued only for workers in the yard, maintenance, construction, and like jobs, not for kitchen jobs.  Even if Godinez bears personal responsibility for this regulation, providing boots to prison workers based on the type of job performed is rationally related to limiting the expenditures for boots to those jobs which are most likely to pose a danger to workers.  *Chasensky v. Walker*, 740 F.3d 1088, 1097 (7th Cir. 2014)(an "equal protection challenge cannot succeed 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'")(quoted cited omitted).

      No federal claim is stated against the defendants who allegedly failed to properly handle the plaintiff's grievances or take the corrective action requested by the plaintiff. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Soderbeck v. Burnett County*, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). Accordingly, Defendants Peterson, Smith, and Keen are also dismissed.

      The plaintiff also pursues supplemental state claims for the intentional infliction of emotional distress and for negligence.  The Illinois Court of Claims has exclusive

jurisdiction over these claims, since the alleged torts were committed within the scope of Defendants' employment. *Gay v. Reese*, 2012 Il App (5th) 110170-U(not reported in N.E.2d)(Illinois Court of Claims had exclusive jurisdiction over inmate's claims that prison employees had "intentionally inflicted emotional distress by broadcasting a loud radio frequency into his cell."); *Cortright v. Doyle*, 386 Ill.App.3d 895 (1st Dist. 2008)(Illinois Court of Claims had exclusive jurisdiction over former state employee's action for defamation, intentional infliction of emotional distress, and other state claims).

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims: (1) deliberate indifference to risk of harm against defendants Billdilly, Teeter, Bias, Dunvan and Jimson for failure to provide proper working utensils in the prison kitchen (a ladle); (2) deliberate indifference to risk of harm against defendant Dopkins for failure to provide proper footwear for work in the kitchen (boots); and (3) retaliation by defendants Campbell and Bias for the plaintiff's pursuit of grievances.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

     3)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

     4)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

     5)     Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11) Defendants Peterson, Smith, Keen, Anglin, Luth and Godinez are terminated as parties to this case.

12) Plaintiff's supplemental state law claims for negligence and intentional infliction of emotional distress are dismissed.

13) Plaintiff's equal protection claim is dismissed.

14) The clerk is directed to attempt service on the remaining Defendants pursuant to the standard procedures.

ENTERED: March 5, 2014

FOR THE COURT:

/s/Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE